# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY A. HARRIS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | |
| MONROE COUNTY PUBLIC LIBRARY | ) | |
| BOARD OF TRUSTEES; MONROE COUNTY, | ) | |
| COMMISION, ANN PRIDGEN, in her | ) | |
| Individual and Official Capacity; SHANNON | ) | |
| POWELL, in her Individual and Official | ) | |
| Capacity, JEROME SANDERS, in his | ) | |
| Individual and Official Capacity STEVE | ) | |
| STACEY, in his Individual and Official | ) | |
| Capacity | ) | |
| | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

1. This is an action to secure protection of employment rights, and to redress deprivation of rights, including discrimination based upon race and retaliation all of which are secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Title VII of Civil Rights Act of 1964, as Amended, and 42 U.S.C §1981 via 42 U.S.C §1983.

1

2.     It has been clearly established that individuals have a constitutional right to be free from race discrimination and retaliation.

3.     On August 4, and September 20, 2017, Harris filed a charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"] field office in Birmingham, Alabama. On March 07, 2019, a right to sue letters were issued and the case is being filed within 90 of the receipt of such letters.

## JURISDICTION AND VENUE

6.     Federal jurisdiction in this case is based upon 28 U.S.C. §§1331, 1343(a)(3) and (4).

7.     Supplemental jurisdiction exists over Plaintiff's claims under Alabama law pursuant to 28 U.S.C. § 1367 and/or 42 U.S.C. § 1988(a).

8.     Venue is proper pursuant to 28U.S.C.§1391(b)in the Southern District of Alabama and in the Southern Division thereof, because all of the Defendants resided or exist in Monroe County, Alabama, and/or a substantial part of the events or omissions giving rise to this lawsuit occurred in Monroe County, Alabama.

## PARTIES

9.     Plaintiff Mary A. Harris [hereinafter "Plaintiff" or "Harris"]

is an African-American citizen of the United States and the State of Alabama.  Ms. Harris is the former Assistant Librarian and Interim Director of the Monroeville Library.

10. Defendant Monroe County Commission is a governmental entity under the laws of the State of Alabama.

11. Defendant Monroe County Library Board of Trustees is governmental created entity under the laws of the State of Alabama which oversees the library operation.

12. Defendant Ann Pridgen, served as Chairman of the Board, of the Monroe County Public Library Board of Trustees, during all relevant times. Pridgen is named in her individual and official capacity.

13. Defendant Shannon Powell is a resident of Monroe County and served on the Monroe County Public Library Board of Trustees during all relevant times. Powell is named in her individual and official capacity.

14. Defendant Steve Stacey is a resident of Monroe County and served on the Monroe County Library Board of Trustees at relevant times.  Stacey is named in his individual and official capacity.

15. Defendant Jerome Sanders is a resident of Monroe County and served on the Monroe County Library Board of Trustees at all relevant times.  Sanders is named is his individual and official capacity.

## STATEMENT OF FACTS

16.     Harris worked for the Monroeville Library from 1980 until her termination on September 11, 2017.

17.     Harris lost her job when the Monroeville Library Board of Trustees fired her shortly after receiving her EEOC charge challenging race and age discrimination in her employment.

18.     The EEOC charge drafted by the EEOC, signed by Harris, and filed in August 2017 contained an allegation that the library hosted a celebration event in honor of the Confederate flag (not the flag of the United States of America) and that event was attended by "70 known affiliates of the KKK."  Harris (and other patrons) were upset and distressed that the Monroeville Library facility was being used to host the Confederate flag celebration.

19.     In response to Harris' EEOC charge and the particular allegation regarding "known affiliates of the KKK", the Library Board terminated Harris' employment without further inquiry.

20.     The termination letter signed by each board member acknowledged receipt of the EEOC Charge and shock at the allegation about "known affiliates of the KKK".  The letter explained that women are excluded from being KKK members.

21.     Harris was not asked about the allegation, she was fired.

22. According to the Library Board's termination letter unnamed attendees of the meeting were upset and planned to sue over the contents of Harris' EEOC charge. There was no explanation as to who shared the contents of the EEOC charge with the attendees.

23. In September 2016, Harris had previously applied for promotion to Library Director. Harris had been performing the job on an interim basis since January 2016.

24. Harris presented letters from a cross section of the community advocating for her selection.

26. The Board refused to formally gave Harris, the "Director" title.

27. Instead, Harris worked until her termination carrying the Interim Director title. While she received the appropriate pay for the Director job, the Board refused to give her the "Director" title.

28. Among other reasons, Chairperson Pridgen explained that Harris could not be officially promoted was that Harris was "a dinosaur" and that the library needed someone with "fresh ideas and youthfulness."

29. Following Harris' termination, she was replaced with a white female who was in the same age range as Harris.

30. After applying to be officially promoted, Harris was subjected to overt hostility from the board members.

31. The Library Board requested the local district attorney to investigate Harris over library finances from 2012-2015 time period. Harris was not the Library Director during that time frame.

32. Harris was forced to hire a personnel lawyer to at her expense to respond to the subpoena.

33. Board Member Steve Stacey publicized allegations on Facebook, in the local newspaper, on the radio disparaging Harris' job performance claiming she had stolen money.

34. Board Member Stacey verbally abused Ms. Harris and her job performance in front of library patrons.

36. Library patrons were concerned for Ms. Harris upon witnessing this treatment.

37. Being publicly humiliated caused Harris additional emotional and unnecessary mental distress.

38. In August 2017, the District Attorney declined to bring charges in the matter over any library matter from 2012-2015.

39. Harris filed the EEOC charge to protest her treatment and was terminated.

## COUNT 1

## 42 U.S.C. §§ 1983, 1981 and 1981a

40. Harris re-alleges and incorporates by reference paragraphs 16 through 39 above with the same force and effect as full set out in specific detail. The claim is brought against all defendants.

41. The effect of the Defendants' discrimination as outlined above has been to deprive the Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. §§ 1983, 1981 and 1981a.

42. Harris has experienced race discrimination and retaliation for opposing discrimination.

43. As a further consequence and effect of the Defendants' unlawful conduct and practices, Harris was deprived of income and other compensation and benefits.

44. Harris has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendants' racially discriminatory, demeaning and unlawful conduct.

45. The unlawful intentional actions of the Defendants, alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

46. Harris has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. Harris is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT 2

## 42 U.S.C. § 1983 & CONSTITUTIONAL CLAIMS

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs 16-39, as if fully set forth herein.

48. Defendants have wrongfully and unlawfully deprived Plaintiff of her rights, privileges, and/or immunities secured by the United States Constitution, the Constitution of the State of Alabama of 1901, federal law, and/or state law.

49. For purposes of this Count, Defendants were acting under color of State law at all times relevant hereto.

50. Plaintiff has suffered damages as described herein above as the result of Defendants' violation of her Equal Protection and guaranteed to her by the Fourteenth Amendment to the United States Constitution (and/or the rights or privileges otherwise guaranteed to her by federal law), the deprivation of which is actionable pursuant to 42 U.S.C. § 1983:

## COUNT 3

## TITLE VII

51. Plaintiff re-alleges and incorporate by reference paragraphs 16-39 through above with the same force and effect as full set out in specific detail herein below. This claim is only brought against the Monroe County Commission and Monroe County of Commission.

52. Plaintiff has been discriminated against because of her race, African-American, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the Defendant affected the terms and condition and enjoyment of Plaintiff's employment.

53. The motivating factor for Defendants' actions regarding Plaintiff as alleged in paragraphs 1 through 10, herein, was intentional discrimination on the basis of race and her filed EEOC charge.

9

54. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

55. The unlawful intentional actions of the Defendants alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

56. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants's unlawful policies and practices as set forth herein unless said behavior is enjoined by this Court.

## COUNT 4

### LIBEL, SLANDER, DEFAMATION

57. This Count is only brought against Steve Stacey. This is a claim arising under the law of the State of Alabama to redress libel, slander, defamation, violations by Stacey.

58. Stacey's conduct outlined above proximately caused Harris to suffer great emotional distress and trauma.

59. Harris requests compensatory and/or punitive damages from Stacey.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants described herein above violated and continue to violate the rights of the Plaintiff as secured by the Title VII, 42 U.S.C. §§1981,1983 and Equal Protection Clause and the Fourteenth Amendment via §1983.

2. Issue an injunction ordering these Defendants: (1) to rehire Harris (2) not to engage in race discrimination or retaliation (3) ordering Defendants to establish written policies and procedures against such discriminatory conduct; (4) and to establish a grievance procedure for reporting such conduct;

3. Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), and by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

*/s/Lee Winston*
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**

WINSTON COOKS, LLC
505 North 20th Street Suite 815
Birmingham, AL 35203
Tel: (205) 502-0940
Fax: (205) 278-5876
lwinston@winstoncooks.com