IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARY HARRIS,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 19-0265-CG-N ) |
| **MONROE COUNTY PUBLIC LIBRARY BOARD OF TRUSTEES; MONROE COUNTY COMMISSION, et al.,** | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 45) made under 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), and S.D. Ala. GenLR 72(a)(2)(S), and dated May 22, 2020, is **ADOPTED** as the opinion of this Court.

Accordingly, the following is **ORDERED**:

1. Defendant the Monroe County Commission's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 15) is **GRANTED**, and all claims against it in this action are **DISMISSED with prejudice**;

2. Defendant Steve Stacey's Rule 12(b)(6) motion to dismiss (Doc. 33) is **GRANTED** as to the libel, slander, and defamation claims in Count 4 of the complaint, and as to the 42 U.S.C §§ 1981 and 1981a claims in Count 1, such

that those claims are **DISMISSED with prejudice**; **DENIED** as to his assertions of immunity under the Alabama Volunteer Service Act; and **DENIED without prejudice** as to his remaining arguments to allow Plaintiff Mary A. Harris the opportunity to file an amended complaint;

3. the Rule 12(b)(6) motion to dismiss filed by Defendants the Monroe County Library Board of Trustees ("the Board"), Ann Pridgen, Shannon Powell, and Jerome Sanders (Doc. 35) is **GRANTED** as to the §§ 1981 and 1981a claims in Count 1, such that those claims are **DISMISSED with prejudice**; **DENIED** as to assertions of immunity under the Alabama Volunteer Service Act and the Board's lack of capacity to be sued; and **DENIED without prejudice** as to their remaining arguments to allow Harris the opportunity to file an amended complaint;

4. that Harris is **DENIED** leave to amend her complaint to assert claims against the Board under Title VII of the Civil Rights Act of 1964, and to assert claims under the Age Discrimination in Employment Act of 1967 ("ADEA") against any defendant but the Board;

5. that Harris is **GRANTED** leave to amend her complaint to assert the new factual allegations, the new ADEA claims against the Board, and the new causes of action under § 1983 against all defendants except the Monroe County Commission, set forth in her proposed amended complaint (Doc. 34-3);

6. that, in filing her amended complaint, Harris is required to (1) set forth each distinct cause of action under § 1983 and the ADEA in a separate count, (2) omit "and/ or the rights or privileges otherwise guaranteed to her by federal law" and any similar catch-all provision purporting to assert claims not specifically stated in the amended complaint, and (3) identify with reasonable specificity the factual allegations underlying each separate cause of action; and

7. Harris must file and serve her amended complaint in accordance with the foregoing directives no later than **July 1, 2020**. Harris is reminded that, under this Court's local rules, her amended complaint must "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a).

**DONE** and **ORDERED** this 17th day of June, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE