IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY A. HARRIS | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 1:19-cv-00265-CG-N |
| MONROE COUNTY PUBLIC LIBRARY | ) | |
| BOARD OF TRUSTEES; ANN PRIDGEN, in her | ) | |
| Individual and Official Capacity; SHANNON | ) | |
| POWELL, in her Individual and Official | ) | |
| Capacity, JEROME SANDERS, in his | ) | |
| Individual and Official Capacity STEVE | ) | |
| STACEY, in his Individual and Official | ) | |
| Capacity | ) | |
| | ) | |
| | ) | Jury Trial Requested |
| | ) | |
|     Defendants. | ) | |

# AMENDED COMPLAINT AND JURY DEMAND

1. This is an action to secure protection of employment rights, and to redress deprivation of rights, including discrimination based upon race, age, and retaliation as well as violations secured by the Due Process and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, via 42 U.S.C §1983, the Age Discrimination in Employment Act (ADEA), as Amended.

2. It has been clearly established that individuals have a constitutional right to be free from race discrimination, and retaliation for exercise of a constitutional right.

1

3. On August 4, and September 20, 2017, Harris filed a charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"] field office in Birmingham, Alabama. The initial charge alleged race and age discrimination. The second charge alleged retaliation based on violations of the Civil Rights of 1964, as Amended and the Age Discrimination Act of 1967, as amended. [Exhibit B]

4. On March 07, 2019, right to sue letters were issued and Harris's initial complaint was filed within 90 of the receipt of such letters. [Doc. 1, attached Exhibit B].

## JURISDICTION AND VENUE

5. Federal jurisdiction in this case is based upon 28 U.S.C. §§1331, 1343(a)(3) and (4).

6. Supplemental jurisdiction exists over Plaintiff's claims under Alabama law pursuant to 28 U.S.C. § 1367 and/or 42 U.S.C. § 1988(a).

7. Venue is proper pursuant to 28U.S.C.§1391(b)in the Southern District of Alabama and in the Southern Division thereof, because all of the Defendants resided or exist in Monroe County, Alabama, and/or a substantial part of the events or omissions giving rise to this lawsuit occurred in Monroe County, Alabama.

## PARTIES

8. Plaintiff Mary A. Harris [hereinafter "Plaintiff" or "Harris"] is an African-American citizen of the United States and the State of Alabama. Ms. Harris is the former Assistant Librarian and Interim Director of the Monroeville

Library. Harris was fifty-nine years old at the time of termination.

9. Defendant Monroe County Library Board of Trustees is governmental created entity and by appointment under the control of the Monroe County Commission under the laws of the State of Alabama which oversees the library operation. The members of the library board are political appointments of the Monroe County Commission. The Monroe County Library Board of Trustees was an employer of Mary Harris. The Monroe County Library Board operates and oversees library operations on behalf of the Monroe County Commission for the benefit of the citizens of Monroe County.

10. Defendant Ann Pridgen, served as Chairman of the Board, of the Monroe County Public Library Board of Trustees, during all relevant times. Pridgen is named in her individual and official capacity. As a Board Member Ann Pridgen was a participant in official policy positions, including but not limited to the official edict to terminate Mary Harris.

11. Defendant Shannon Powell is a resident of Monroe County and served on the Monroe County Public Library Board of Trustees during all relevant times. Powell is named in her individual and official capacity. As a Board Member Shannon Powell was a participant in official edict to terminate Mary Harris.

12. Defendant Steve Stacey is a resident of Monroe County and served on the Monroe County Library Board of Trustees at relevant times. Stacey is named

in his individual and official capacity. As a Board Member Steve Stacey was a participant in official policy positions, including but not limited to the edict or official act to terminate Mary Harris.  Further, Stacey while a Monroe County Library Board Member appointed by the Monroe County Commissions consciously took steps to disparage Harris in public settings, including on social media.

13.    Defendant Jerome Sanders is a resident of Monroe County and served on the Monroe County Library Board of Trustees at all relevant times.  Sanders is named is his individual and official capacity. As a Board Member Jerome Sanders was appointed by the Monroe County Commission and was a participant in official policy positions, including but not limited to the edict or official act to terminate Mary Harris.

## STATEMENT OF FACTS

14.    Harris worked for the Monroeville Library from 1980 until her termination on September 11, 2017.

15.    Harris was the first African-American employee of the Monroe County Library.

16.    Harris lost her job when the Monroeville Library Board of Trustees fired her shortly after receiving her EEOC charge challenging race and age discrimination in her employment.

17. The EEOC charge drafted by the EEOC, signed by Harris, and filed in August 2017 contained an allegation that the library hosted a celebration event in honor of the Confederacy and that event was attended by "70 known affiliates of the KKK." Harris (and other patrons) were upset and distressed that the Monroeville Library facility was being used to host the Confederate celebration.

18. In response to Harris' EEOC charge and the particular allegation regarding "known affiliates of the KKK", the Library Board terminated Harris' employment without further inquiry.

19. The termination letter signed by each board member acknowledged receipt of the EEOC Charge and shock at the allegation about "known affiliates of the KKK". The letter explained that women are excluded from being KKK members.

20. Harris was not asked about the allegation, she was fired.

21. According to the Library Board's termination letter unnamed attendees of the meeting were upset and planned to sue over the contents of Harris' EEOC charge. There was no explanation as to who shared the contents of the EEOC charge with the attendees.

22. The letter expressed, "Therefore we (the Board) have no choice but to terminate your employment effective today" (Exh. A)

23. Harris did not receive any type of hearing prior to termination, nor any

post-deprivation hearing available.

24. In September 2016, Harris had previously applied for promotion to Library Director. Harris had been performing the job on an interim basis since January 2016.

25. Harris presented letters from a cross section of the community advocating for her selection.

26. The Board refused to formally gave Harris, the "Director" title.

27. Instead, Harris worked until her termination carrying the "Interim Director" title. While she received the appropriate pay for the Director position, the Board refused to give her the "Director" title. No African-American has ever held the Library Director position.

28. Among other reasons, it was explained by the Board that Harris could not be officially promoted was that Harris was "a dinosaur" and that the library needed someone with "fresh ideas and youthfulness."

29. Following Harris' termination, she was replaced with a white female.

30. After applying to be officially promoted, Harris was subjected to overt hostility from the board members.

31. The hostility included the Library Board's request the local district attorney investigate Harris over library finances from 2012-2015 time period. Harris was not the Library Director during that time frame.

32. Harris was forced to hire a personnel lawyer to at her own expense to respond to the subpoena.

33. Board Member Steve Stacey publicized the false allegations on Facebook, in the local newspaper, on the radio disparaging Harris' job performance claiming she had stolen money.

34. Board Member Stacey verbally abused Ms. Harris and her job performance in front of library patrons.

35. Library patrons were concerned for Ms. Harris upon witnessing this treatment.

36. Stacey's statements about Harris were false.

37. Being publicly humiliated caused Harris additional emotional and unnecessary mental distress.

38. In August 2017, the local District Attorney declined to bring charges in the matter over any library matter from 2012-2015.

39. White individuals replaced Harris in her job and received appointments to library director.

40. Individuals much younger than Harris were selected as library director following her termination.

41. The Board operated without any procedures and terminated her employment citing her filed EEOC charge.

## COUNT I
## 42 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Due Process Rights

42. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41, and specifically paragraphs 16-23.

43. Harris had a constitutionally protected property interest in her Monroe County Library employment.

44. At all times relevant, the Library Board had constitutionally deficient personnel policies that did not provide the Plaintiff with the procedural due process required by the Fourteenth Amendment to the United States Constitution in that they did not provide notice or a sufficient opportunity for her to be heard prior to being terminated. Nor was any post-deprivation remedy possible.

45. Moreover, given the expressed, in writing, retaliatory animus of the Defendants, there was no neutral decision maker in the process.

46. As a result of the Defendants' violation of the Plaintiff's due process rights, Ms. Harris lost wages, compensation, and other benefits, and also suffered mental anguish.

## COUNT II
### 42 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Equal Protection Rights-Race Discrimination.

47. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-46 above as if set forth herein in full, specifically 14-26 and 29.

48. Harris was terminated from her employment as Acting Librarian despite performing all of her duties in an exemplary manner.

49. The Plaintiff was discriminated against based on her race, African-American when she was not given the official title of Monroe County Librarian and subsequently terminated from her employment by the Defendants.

50. The Defendants engaged in a pattern and practice of not allowing an African-American to be hired or promoted to the official Librarian of Monroe County. White persons were hired after Harris and given the official Librarian title.

51. As a result of the Defendants' violation of the Plaintiff's equal protection rights, Ms. Harris lost wages, compensation, and other benefits, and also suffered mental anguish.

## COUNT III
### 42 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Equal Protection Rights- Retaliation.

52. The Plaintiff adopts and incorporates the allegations set forth herein in full,

specifically paragraphs 17-22. See also Exhibit A.

53. Harris was terminated for participating in the EEOC process as well as opposing discrimination.

54. The Board's conduct was retaliatory in violation of the Equal Protection Clause causing Harris to lose pay, experience emotional distress and humiliation as well lose a 30 year career for asserting her rights.

## COUNT IV
### 29 U.S.C. § 621 *et seq* – Age Based Employment Discrimination.

55. The Plaintiff adopts and incorporates the allegations set forth above and specifically, paragraphs 28, 40.

56. The Defendants were conscious of Ms. Harris' age which was in the protected category (above 40) as Harris was born in 1957.

57. Ms. Pridgen made a direct comment, not a stray remark, about Harris' Age and wanting a more youthful librarian.

58. Defendants did not have a legitimate non-discriminatory reason for terminating Ms. Harris. The Plaintiff was qualified to do the job as official Librarian and had in fact been doing the job.

59. The Defendants replaced the Plaintiff with a younger selectee[s].

60. As a result of the Defendants' violation of the Plaintiff's rights under Age Discrimination in Employment Act, Ms. Harris lost wages, compensation,

and other benefits.

## COUNT V
### State Law -- Defamation

61. The Plaintiff adopts and incorporates the allegations set forth above and specifically paragraphs 31-37 as it relates to Mr. Stacey, the sole defendant for this count.

62. Stacey made false and defamatory statements concerning Harris' honesty and job performance.

63. The statements were made to multiple third parties and posted on social media.

64. The statements were made to members of the public.

65. The communications between Stacey and third parties was not privileged.

66. Stacey made said defamatory statements: negligently with respect to their truthfulness; with reckless disregard to their truth or falsity; and/or with knowledge that the statements were false. Said false statements constitute defamation per se.

67. Plaintiff suffered damage to her professional reputation as a result of Stacey defamatory statements in that Ms. Harris lost wages, compensation, and other benefits, and also suffered mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants described herein above violated and continue to violate the rights of the Plaintiff as secured by the Equal Protection Clause and the Due Process Clause Fourteenth Amendment via §1983, and the Age Discrimination in Employment Act and Alabama state law.

2. Issue an injunction ordering these Defendants: (1) to rehire Harris (2) not to engage in race, retaliation and/or age discrimination (3) ordering Defendants to establish written policies and procedures against such discriminatory conduct; (4) and to establish a grievance procedure for members of the public and staff to report discriminatory conduct; (5) and for terminated staff provide pre-deprivation hearing or adequate post-deprivation hearing

3. Grant the Plaintiff an order requiring the Defendants to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), prejudgment interest, front pay and by awarding Plaintiff compensatory, punitive, liquidated, and/or nominal damages.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

*/s/Lee Winston*
Lee Winston
Attorney for the Plaintiff

**OF COUNSEL:**

WINSTON COOKS, LLC
505 North 20th Street Suite 815
Birmingham, AL 35203
Tel: (205) 482-3551
Fax: (205) 278-5876
lwinston@winstoncooks.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July 2020 I electronically filed the above and foregoing document with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all persons registered to receive the filing including

RUSSEL MYLES
rmyles@mcdowellknight.com

T. HART BENTON, III
tbenton@mcdowellknight.com

Peter S. Mackey
psmackey@bcmlawyers.com

Jamie H. Kidd
jkidd@webbeley.com

s/Lee Winston
OF COUNSEL

13