# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY A. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 19-00265-CG-N |
| | ) | |
| MONROE COUNTY PUBLIC | ) | |
| LIBRARY BOARD OF TRUSTEES; | ) | |
| MONROE COUNTY COMMISSION | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the motion to strike the third affirmative defense from the Monroe County Library Board of Trustees's answer (Doc. 57) filed by Plaintiff Mary A. Harris. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/13/2020 electronic reference). In accordance with the Court's briefing schedule (Doc. 58), the Board timely filed a response (Doc. 61) in opposition to the motion. Harris filed no reply to the response, the deadline to do so has passed, and the motion to strike is now under submission and ripe for disposition.

The Board's answer to the operative complaint asserts the following as its third affirmative defense: "Monroe County Library Board of Trustees has less than the requisite number of employees to be considered Plaintiff's employer under the Age Discrimination in Employment Act." (Doc. 54, PageID.351). As was previously pointed out (*see* Doc. 45 n.11, PageID.282), for purposes of the ADEA, the term

"employer" generally "means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year..." 29 U.S.C. § 630(b). However, per the second sentence of § 630(b), "[t]he term also means ... a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency…" *Id*. The United States Supreme Court has held that § 630(b)'s "twenty or more employees" confining language "is tied to § 630(b)'s first sentence, and does not limit the ADEA's governance of the employment practices of States and political subdivisions thereof." *Mount Lemmon Fire Dist. v. Guido*, 139 S. Ct. 22, 24, 202 L. Ed. 2d 262 (2018).

Harris argues that the Board's third affirmative defense is "superfluous" in light of *Mount Lemmon*. In its response, however, the Board asserts that it is not conceding at the pleadings stage that it is "a political subdivision of a State," or an "agency or instrumentality of a State or a political subdivision of a State," for purposes of § 630(b), and that it intends to test this issue through discovery.[1] Harris does not dispute the Board's response, and the undersigned finds that the Board's third affirmative defense is validly asserted to preserve the Board's opportunity to dispute whether it is an "employer" subject to the ADEA at later stages of this case.

---

[1] While the undersigned's prior Report and Recommendation (Doc. 45), adopted by the Court (Doc. 48), noted that "the Board appears to be an 'employer' under the ADEA regardless of how many people it employs" based on *Mount Lemmon*'s reasoning (Doc. 45 n.11, PageID.282), the Report and Recommendation did not purport to definitively resolve that issue, particularly since it had not been raised in the parties' briefing on the defendants' motions to dismiss. Rather, the observation was made in a footnote in analyzing whether allowing Harris to amend her complaint to assert ADEA claims against the Board would be futile.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Harris's motion to strike the third affirmative defense from the Board's answer (Doc. 57) be **DENIED**.

**DONE** this the 21st day of January 2021.

    /s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.