# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARY A. HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 19-00265-CG-N |
| MONROE COUNTY PUBLIC LIBRARY BOARD OF TRUSTEES; MONROE COUNTY COMMISSION et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on the motion to dismiss Counts IV and V of the amended complaint under Federal Rule of Civil Procedure 41(b), and for the imposition of sanctions (Doc. 52), filed by Defendant Steve Stacey. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/29/2020 electronic reference). In accordance with the Court's briefing schedule (Doc. 55), the Plaintiff, Mary Harris, timely filed a response (Doc. 56) in opposition to the motion, and Stacey timely filed a reply (Doc. 59) to the response. With the Court's leave, Harris also filed a sur-reply (Doc. 60). Stacey's motion is now under submission and ripe for disposition.

All defendants filed motions to dismiss the initial complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted, including Stacey (*see* Doc. 33). The assigned District Judge referred those

Rule 12(b)(6) motions to the undersigned for appropriate action. On May 22, 2020, the undersigned entered a Report and Recommendation ("R&R") as to disposition of the various Rule 12(b) motions. (Doc. 45). Relevant to Stacey's present motion, the R&R recommended "that Stacey's Rule 12(b)(6) motion to dismiss … be **GRANTED** as to the libel, slander, and defamation claims in Count 4 of the complaint…" (*Id.*, PageID.284). The R&R further recommended that Harris be granted leave to amend her complaint as to certain claims, including, relevant here, "new ADEA [Age Discrimination in Employment Act] claims against the Board…" (*Id.*, PageID.285). However, the R&R specifically recommended that Harris "be **DENIED** leave to amend her complaint to assert … causes of action under the ADEA against any defendant but the Board [Defendant Monroe County Library Board of Trustees]…" (*Id.*). Over Harris's objections (Doc. 46), the Court adopted the R&R in full on June 18, 2020 (Doc. 48). The Court's order adopting the R&R repeated the foregoing provisions of the R&R as directives, specified that all claims dismissed under Rule 12(b)(6) were dismissed with prejudice, and directed Harris to file her amended complaint by July 1, 2020. (*See id.*). After being granted an extension to do so (*see* Doc. 50), Harris timely filed her amended complaint (Doc. 51). Stacey subsequently filed the present motion, which requests dismissal of Counts IV and V of the amended complaint under Federal Rule of Civil Procedure 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.") because they were pleaded in "clear violation" of the Court's order adopting the R&R.

Stacey is correct that Count V the amended complaint continues to assert a claim of defamation against him, despite the fact that claim was dismissed with

prejudice under Rule 12(b)(6) by the Court's order adopting the R&R, which did not purport to grant Harris leave to amend that claim. Stacey is also correct that Count IV the amended complaint alleges ADEA claims against all remaining defendants, including Stacey, despite the Court's express instruction that Harris was only granted leave to assert ADEA claims against the Board. Harris concedes that her re-pleading of the defamation claim "was a mistake due to a misreading of the Report and Recommendation[,]" and she does not object to the dismissal of the defamation count. (Doc. 56, PageID.355).[1] As for the Count IV ADEA claim, Harris asserts that "[t]his claim is only brought against the Board as an entity, not board members in their individual capacity for ADEA liability[, and a]ny use of the term defendants in consideration of the ADEA claim is in the collective board sense." (Doc. 56, PageID.356). Any such purported intent was certainly not made clear in the amended complaint. Count IV asserts multiple times that it is being asserted against "Defendants," as do Counts I and III. To claim that "Defendants" means one thing for

---

[1] Harris represents that her counsel "misread" this portion of the R&R, claiming that her counsel believed "Harris was given the leave to amend" the libel, slander, and defamation claims because the R&R did not expressly recommend that those claims be dismissed with prejudice. (Doc. 56, PageID.356). Any such "misreading" was unjustified, as the R&R expressly recommended that Stacey's Rule 12(b)(6) motion to dismiss should be unconditionally granted as to those claims. Absent an indication that the dismissal is without prejudice, a dismissal under Rule 12(b)(6) is with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). Moreover, for those claims that Harris was to be allowed to amend, the R&R clearly recommended that the Rule 12(b)(6) motions were to be denied *without prejudice*. The undersigned notes Harris's counsel does not express similar confusion over other claims that the R&R recommended be granted dismissal under Rule 12(b)(6). And regardless, the Court's order adopting the R&R expressly stated that Harris's libel, slander, and defamation claims, like all other claims on which the Rule 12(b)(6) motions were being granted, were dismissed with prejudice. (*See* Doc. 48, PageID.300-301).

Count IV and something different for other counts is disingenuous. Moreover, both the R&R and the order adopting it expressly stated that Harris could assert her ADEA claims against the Board only, with the R&R explaining that any ADEA claims against the natural person defendants in their official capacities would simply be redundant of those against the Board.

In sum, the undersigned agrees that the Count V defamation claim was improperly included in the amended complaint, as was the Count IV ADEA claim to the extent it is asserted against any defendant but the Board. However, the undersigned finds that dismissal is not the appropriate remedy. As for the defamation claim, that claim has already been dismissed with prejudice by prior order – Harris's inclusion of that claim in her amended complaint does not override that order and revive the claim. And, at least in her response to the present motion, Harris appears to disavow asserting an ADEA claim in Count V against any defendant but the Board. Upon consideration, the undersigned finds that the more appropriate remedy is to strike those claims from the amended complaint under Federal Rule of Civil Procedure 12(f), which provides that the Court may, "on its own," "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1). Given that those claims were included in contravention of the Court's prior orders, they can easily be classified as "immaterial," and likely "impertinent" as well.

Stacey further asserts: "Plaintiff's disregard of the clear language of the Court's June 17, 2020 Order has caused Stacey to incur needless legal expense to secure the dismissal of claims that should not have been pleaded against him. Accordingly, Stacey respectfully submits that good cause exists to impose a

reasonable measure of attorneys' fees as a sanction for Plaintiff's failure to comply with the Court's Order." (Doc. 52, PageID.331). Stacey invokes only the Court's "inherent power" to manage its own proceedings as authority to impose such a sanction. "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* (quotation omitted).[2]

In her sur-reply, Harris complains that, prior to filing the present motion, counsel for Stacey "left a generic telephone message, however, there was no suggestion of a problem with the amended complaint and/or that sanctionable conduct occurred." (Doc. 60, PageID.370). Harris further complains that Stacey's counsel did not send him an email "requesting to dismiss the offending count" (*id.*), and did not try to call him on his cell phone after the present motion was filed. Harris claims: "Federal Rule of Civil Procedure 11 requires a warning period advising the

---

[2] Also applicable is 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A "district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Id.* (quotation omitted). "[F]or purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.*

opposing party of the nature of the conduct requiring sanctions with an opportunity to correct. That did not occur here." (*Id.*, PageID.371).

However, Stacey did not purport to bring his motion under Rule 11, instead citing to the Court's inherent authority. This is significant, because a motion for Rule 11 sanctions "must be made separately from any other motion…" Fed. R. Civ. P. 11(c)(2). By citing to another authority for imposing sanctions, Stacey necessarily negated any reliance on Rule 11 in his motion. Moreover, contrary to Harris's assertion, Rule 11's "safe harbor" provision does not apply to any motion for sanctions, but only to motion specifically brought under that rule. *See id.* And a Rule 11 motion for sanctions can only be brought for conduct that violates Rule 11(b), and must specifically describe that conduct. *See id.* Again, nowhere does Stacey's motion purport to invoke a violation of Rule 11. Harris cites no authority requiring any sort of "safe harbor" or premotion conferencing prior to moving for sanctions under the Court's inherent authority, and to impose one would essentially shift the burden of policing Harris's carelessness to Stacey.

This is not the first instance where Harris's counsel's cavalier attitude towards carefully reading and following court orders has caused delay and disruption of this litigation. When the Monroe County Commission filed its motion to dismiss on September 18, 2019 (Doc. 15), the Court set an initial response deadline for Harris of October 11, 2019. (*See* Doc. 18). On Harris's motion for an extension of the deadline "to file a response" (Doc. 26), the Court extended that deadline to October 18, 2019. (*See* Doc. 28). On that new deadline, rather than file a response, Harris instead attempted to improperly amend her complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) (see Doc. 29), despite the fact that more than 21

days had passed since the Monroe County Commission's Rule 12(b) motion had been filed. Because Harris's motion for an extension had made no mention of extending the deadline to amend as a matter of course, and the Court had not purported to do so in its order granting Harris's motion, the Court ordered Harris's October 18, 2019 amended complaint stricken as improperly filed under Rule 15(a). (*See* Doc. 31). The Court then had to expend further time and resources considering and adjudicating Harris's omnibus motion for leave to respond to the Commissioner's motion to dismiss out of time, filed 9 days after the previous deadline to do so.

Nevertheless, the undersigned finds that the record does not currently support a finding of bad faith sufficient to warrant the imposition of sanctions at this time, and will therefore recommend that Stacey's motion be denied as to its request for sanctions as well. However, as noted above, the repeated failure by Harris's counsel to carefully read and follow court orders has wasted judicial resources and caused Stacey's counsel to engage in additional work that should have been unnecessary. Harris's counsel is advised that his behavior is beginning to border on sanctionable

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** the following:

1. that Stacey's motion to dismiss Counts IV and V of the amended complaint under Federal Rule of Civil Procedure 41(b), and for the imposition of sanctions (Doc. 52), be **DENIED**; but

2. that, as an alternative to dismissal, the following matters be **STRICKEN** from the operative amended complaint (Doc. 51) under Rule 12(f): all of Count V,

and all of Count IV to the extent that cause of action is asserted against any defendant except the Monroe County Library Board of Trustees.

**DONE** this the 21st day of January 2021.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.